IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| JESUS NEHEMIAS MONTANO GUILLEN<br>17604 Silver Dollar Court<br>Gaithersburg, MD 20877<br><br>    *Plaintiff*,<br><br>      v.<br><br>ARMOUR HOME IMPROVEMENT, INC.<br>2840 Duvall Road<br>Woodbine, MD 21797<br><br>Serve: Robert Stouffer, Resident Agent<br>         2840 Duvall Road<br>         Woodbine, MD 21797<br><br>and<br><br>ROBERT STOUFFER<br>2840 Duvall Road<br>Woodbine, MD 21797<br><br>and<br><br>CHRISTINA STOUFFER<br>2840 Duvall Road<br>Woodbine, MD 21797<br><br>    *Defendants*. | Civil Action No.: 19-2317 |

# COMPLAINT

Plaintiff, Jesus Nehemias Montano Guillen ("Plaintiff") brings this action against Defendants, Armour Home Improvement, Inc., ("Armour"), Robert Stouffer ("R. Stouffer") and Christina Stouffer ("C. Stouffer") (collectively the "Defendants"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427; and the Maryland Wage

Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2. In support, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Montgomery County, Maryland and was employed by Defendants as a "laborer" from on or about January 2013, through approximately June 2018, when he resigned.

2. Armour is a Maryland corporation with its principal place of business in Howard County, Maryland. Armour is a construction contractor and provides interior and exterior home remodeling and renovation services throughout Maryland and the District of Columbia. Armour was Plaintiff's "employer" as that term is defined within the FLSA, MWHL and the MWPCL because, through its agents, owners and officers, it employed the Plaintiff directly, it set the terms and conditions of his employment, including setting his rate of pay and manner and frequency of pay, it misclassified him as an independent contractor, it maintained employment records for the Plaintiff, it had the ability to hire and fire the Plaintiff and it paid the Plaintiff his wages. Armour meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3. R. Stouffer is an owner, President, officer and/or director of Armour, He is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because he: (1) is an owner, officer and/or director of Armour and has functional and operational control over

its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including determining Plaintiff's rate of pay, how often he was paid and in what manner and whether he was classified as an employee or independent contractor; (4) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (5) provided Plaintiff with the tools and materials necessary to do his work; (6) maintained employment records; (7) disciplined the Plaintiff; and (8) had authority to hire and fire Plaintiff.

4. C. Stouffer is an owner, Secretary and/or director of Armour. She is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because she: (1) is an owner, officer and/or director of Armour and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiff and others and had check writing authority on that account as well as the authority to take profits from the account; (3) controlled the terms and conditions of Plaintiff's employment, including determining Plaintiff's rate of pay, how often he was paid and in what manner and whether he was classified as an independent contractor or employee; (4) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (5) provided Plaintiff with the tools and materials necessary to do his work; (6) maintained Plaintiff's employment records; (7) disciplined the Plaintiff; and (8) had authority to hire and fire Plaintiff.

## JURISDICTION

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal

questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

6. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendants to the position of "laborer." Plaintiff's duties included, but were not limited to, putting up drywall, framing, painting, doing basic plumbing repairs, and performing cleanup work.

8. Defendants agreed to compensate Plaintiff in the following manner: pay him $25.00 per hour for his work; and give Plaintiff a 30-minute lunch break each day and pay him for that break at his regular rate of pay. Said agreement was unlawful because it did not include paying Plaintiff an overtime premium for his overtime hours.

9. On average, Plaintiff worked no less than 50 hours per week, invariably working Monday through Friday, from 7:30 a.m. to 6:00 p.m. Each morning he would begin his day at Home Depot where Defendants directed him to pick up the supplies he needed for the workday. Normally, he would drive to Home Depot from his home and arrive before 7:30 a.m. He would spend between 30 and 60 minutes at Home Depot. He would then drive from Home Depot to his assigned job site and would generally arrive between 8:00 a.m. and 8:30 a.m. On average, he also worked two Saturdays per month and he usually worked between 7-8 hours on Saturdays.

10. Defendants kept track of the hours worked by the Plaintiff each pay period. Plaintiff would send them text messages with his total hours at the end of each pay period. Either R. Stouffer

or C. Stouffer would then pay Plaintiff, using a check drawn on Armour's corporate or other account, which C. Stouffer or R. Stouffer would sign.

11. The Defendants misclassified Plaintiff as an independent contractor and never paid him an overtime premium for the hours over 40 that he worked in a work week. In addition, Defendants failed to pay Plaintiff anything at all for some of the hours he worked.

12. Plaintiff is not in possession of all of his time and payroll records. Those records are in the exclusive possession of the Defendants.

## COUNT I

### VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201 – 216 (b)

13. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

14. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked.

15. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore the statute of limitations is three years (going back to August 12, 2016) and Plaintiff is entitled to liquidated damages.

16. Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime compensation, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II

### VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

17. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

18. At all times relevant to this Complaint, Defendants were employers of the Plaintiff within the meaning of the MWHL because they had control over the terms and conditions of Plaintiff's employment, set and paid Plaintiff's wages, maintained employment records on Plaintiff's behalf, and had the ability to hire and fire the Plaintiff.

19. At all times relevant to this Complaint, Plaintiff was an employee of the Defendants within the meaning of the MWHL.

20. Defendants violated the MWHL by failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked.

21. Defendants did not act in good faith, entitling Plaintiff to liquidated damages. The statute of limitations is three years, regardless of whether Defendants acted willfully and Plaintiff is entitled to seek unpaid overtime wages back to August 12, 2016.

22. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III

### VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509

23. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

24. Defendants knowingly and willfully violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours, and by failing to pay Plaintiffs for all hours her worked, including both straight and overtime hours.

25. Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

26. The statute of limitations under the MWPCL is three years and two weeks, allowing Plaintiff to recover unpaid wages back to July 29, 2016.

27. Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld straight-time and overtime wages for the statutory period, an additional amount equal to double the unpaid wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime wages and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld straight-time and overtime wages and a sum equal to double liquidated damages under the MWPCL;

d) award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2; and

e)	permanently enjoin Defendants from committing further violations of the FLSA the MWHL and the MWPCL.

>Respectfully submitted,
>
>_____/s/_____
>Omar Vincent Melehy
>Maryland Bar No.: 05712
>MELEHY & ASSOCIATES LLC
>8403 Colesville Road, Suite 610
>Silver Spring, MD 20910
>Tel: (301) 587-6364
>Fax: (301) 587-6308
>Email: ovmelehy@melehylaw.com
>*Attorneys for Plaintiff*