IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESUS NEHEMIAS MONTANO GUILLEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ARMOUR HOME IMPROVEMENT, INC., *et al.*<br><br>*Defendants.* | Civil Action No. ELH-19-2317 |

**MEMORANDUM**

This Memorandum addresses a discovery dispute in connection with a suit filed on August 12, 2019, by Jesus Nehemias Montano Guillen against his former employer, Armour Home Improvement, Inc. ("Armour"), and the company's owners, Robert Stouffer and Christina Stouffer. ECF 1 (the "Complaint"). In the Complaint, plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage Payment and Collection Law ("MWCPL"), L.E. §§ 3-501 *et seq.*

I entered a Scheduling Order on October 25, 2019. ECF 10. Among other things, it set a discovery deadline of February 24, 2020. *Id.* Thereafter, the discovery deadline was extended several times. The parties now dispute a motion filed by plaintiff for an additional extension of time to complete discovery. In particular, on December 18, 2020, plaintiff submitted a "Motion for a Limited 60-Day Extension of Discovery." ECF 40 (the "Motion"). Defendants oppose the

Motion, in part. ECF 41. Plaintiff has not responded to defendants' opposition, and the time to do so has expired. *See* Docket.

No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall grant the Motion in part and deny it in part.

## I. Background

As noted, on October 25, 2019, I entered a Scheduling Order. ECF 10. It set a discovery deadline of February 24, 2020. *Id.* On January 10, 2020, the parties submitted a joint motion to extend the Scheduling Order (ECF 13), which I granted the same day.  ECF 14.  Pursuant to the amended Scheduling Order, the discovery deadline was extended to April 24, 2020.  *Id.*

Thereafter, on March 27, 2020 (ECF 16), July 10, 2020 (ECF 25), and September 21, 2020 (ECF 34), the parties submitted three additional consent motions for extensions of time to conduct discovery. I granted all three motions. *See* ECF 17; ECF 27; ECF 37. Ultimately, the discovery deadline was extended to December 21, 2020.

In addition, on October 15, 2020, Magistrate Judge Copperthite issued an Order resolving three discovery disputes between the parties. ECF 38. Of relevance here, plaintiff sought all emails over a three-year period, either sent by or received by Ms. Stouffer, in order to establish that Ms. Stouffer qualifies as an "employer" under the FLSA. *Id.* at 1. Defendants objected to the request, arguing that it was overbroad, not relevant, and not proportional to the case. *Id.* Judge Copperthite agreed that "the request is broad," but determined that the email records "are relevant to show the daily activity, if any, by Mrs. Stouffer with respect to the business." *Id.* Accordingly, he directed defendants to "produce the emails as requested with the search terms requested but under a confidentiality agreement between the parties." *Id.* Judge Copperthite did

2

not set any deadlines for this production. And, it appears that the emails have yet to be produced. *See* ECF 40 at 1.

In the Motion, filed on December 18, 2020, plaintiff seeks to extend the discovery deadline to review the emails once they are produced by defendants and to "conduct follow-up discovery based on information contained in the emails." *Id.* at 3. According to plaintiff, defendants unreasonably delayed the production by taking two months to submit the confidentiality order needed in connection with the production. *Id.* at 2. Plaintiff argues that if he had timely received the email production from defendants then he would have had more than 60 days to conduct follow up discovery on the content of the emails, with no limitation on scope. *Id.*

Defendants oppose the motion, in part. ECF 41. They consent to a 45-day extension from the date of production of the emails. *Id.* at 3. But, they oppose the scope of plaintiff's proposed additional discovery. Defendants are only amenable to an extension "for the limited purpose of exploring Ms. Stouffer's status as an owner of Armour…based on information gleaned from the e-mail production." *Id.* They are concerned that plaintiffs will "use this discovery extension to continue the fishing expedition and explore matters well beyond the issues which necessitated the production in the first place." *Id.* Further, defendants contend that they tried to move quickly on the confidentiality order and production, but plaintiff's counsel continually ignored their attempts. *Id.* at 2, 4. Therefore, they suggest that any delay is plaintiff's fault.

## II.     Discussion

Fed. R. Civ. P. 26(b)(2)(C) provides, in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Notably, the Fourth Circuit has said: "A district court

3

has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986)) (alterations in *Rowland*).

In addition, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). The moving party may show good cause by demonstrating that the relevant deadlines "cannot reasonably be met despite the diligence of the party needing an extension." *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006). "[T]he primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006).

As noted, the Court's original Scheduling Order required completion of all discovery by February 24, 2020. ECF 10. However, the Court granted four extensions, ultimately extending the discovery deadline from February 24, 2020 to December 21, 2020. Notably, Judge Copperthite issued his discovery ruling on October 15, 2020. ECF 38. Yet, more than two months elapsed before plaintiff filed the Motion. *See* ECF 40.

Plaintiff has not established good cause to extend the discovery deadline for another 60 days to conduct unlimited follow-up discovery on the email production. Plaintiff has already had about a year to explore "other issues besides Ms. Stouffer's employment status." ECF 40 at 3. And, as Judge Copperthite noted, the purpose of this email production is for the limited purpose of determining whether Ms. Stouffer is an employer. ECF 38.

4

Moreover, plaintiff could have requested this email production earlier in discovery if he wanted to conduct unlimited follow-up on the content of the emails. Despite the significant extensions that the parties received, it appears that plaintiff "failed to diligently" use the additional time allotted by the Court to complete the necessary discovery. *Wooton v. CL, LLC.*, 504 Fed. App'x 220, at *223-24 (4th Cir. 2013) (affirming district court's order denying plaintiff's second motion for extension because plaintiff "failed to diligently use the additional time" allotted for discovery).

Accordingly, I shall extend the discovery deadline for 45-days from the date the emails are produced, so as to permit plaintiff the opportunity to review the production and to explore, based on those emails, Ms. Stouffer's status as an employer. And, I shall extend the deadline for requests for admissions to seven days following the close of discovery and the summary judgment deadline to 30 days following the close of discovery.

An Order follows.


Date: January 13, 2021                             /s/
                                        Ellen L. Hollander
                                        United States District Judge