IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **JESUS NEHEMIAS MONTANO GUILLEN** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-02317-DLB |
| ) | |
| **ARMOUR HOME** ) | |
| **IMPROVEMENT, INC.,** *et al.* ) | |
| ) | |
| Defendants. ) | |

### OPPOSITION TO PLAINTIFF'S FIRST SUPPLEMENTAL
### MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

COME NOW the Defendants, Armour Home Improvement, Inc., Armour Construction, LLC, and Robert Stouffer (collectively, the "Defendants"), by and through undersigned counsel, and hereby oppose Plaintiff's First Supplemental Memorandum in Support of Motion for Attorneys' Fees and Costs (the "Supplement"), and in support thereof, state as follows:

In the Supplement, Plaintiff Jesus Nehemias Montano Guillen ("Plaintiff") requests additional attorneys' fees and costs in connection with the judgment he obtained against Defendants in total amount of $8,777.02 (the "Judgment"). As the Court considers the Supplement (and the underlying motion), Defendants reiterate that, at bottom, the bulk of Plaintiff's claims were based on his fabricated and embellished allegations that he worked "*no less* than 50 hours per week" during the statutory period, and that "*each morning* he would begin his day at Home Depot" picking up supplies for work. ECF 1, ¶ 9 (emphasis added). In making and pursuing these allegations, Plaintiff *had to know* that he did not spend "between 30 and 60

minutes at Home Depot" each day before traveling to Defendants' job site as he alleged, yet these misrepresentations are what drove the litigation, formed the bulk of Plaintiff's claimed damages, prevented a reasonable resolution, and, ultimately, led to the extraordinary amount of time and effort expended on the case.

Plaintiff now seeks additional fees and costs for having to a) collect the Judgment, and b) reply (ECF 131) to Defendants' opposition (the "Opposition" at ECF 127) to the underlying motion (ECF 114).  As an initial matter, Defendants concede that Plaintiff is entitled to fees and costs incurred in connection with collection efforts.  It is true that Defendants did not immediately pay the Judgment, which resulted in Plaintiff taking various measures to collect, including the issuance of post-judgment discovery requests. On or about August 21, 2023, a check was issued by Defendant Armour Home Improvement, Inc. and mailed to Plaintiff's counsel which covered the Judgment in full plus accrued interest.

Other than the post-judgment collection efforts detailed in the Supplement, Defendants submit that Plaintiff should not be entitled to more than a nominal amount of additional fees and costs for having to respond to the billing concerns raised in Defendants' Opposition, including *inter alia* the absurd instance in which Plaintiff attempted to claim 23.7 hours of billable time for a single attorney in a single day and the excessive "courier charges" billed at paralegal time for delivering binders to chambers.  In essence, Plaintiff is asking the Court to award attorneys' fees for having to review, justify and/or correct the erroneous and excessive charges pointed out in Defendants' Opposition.

In addition, similar to his request in the underlying motion, Plaintiff seeks attorneys' fees through the Supplement at a rate far greater than the Appendix B rates. As set forth in the Opposition, Defendants reiterate that there was nothing novel or complex about Plaintiff's claims which would merit such an upward departure from the rates contemplated by the Local Rules.

Notably, the real complexities in the case arose from having to defend against Plaintiff's exaggerated claims concerning the "early morning supply runs," and against Plaintiff's relentless efforts in pursuing embellished claims against Mrs. Stouffer.

As a comparator, only a couple of weeks prior to the trial of the instant matter, Plaintiff's attorneys tried a similar, contested wage case before Judge Chuang in this Court. After a 5-day bench trial which resulted in judgments in favor of the plaintiffs, the Court considered a post-trial motion for attorneys' fees in which Melehy & Associates sought a similar upward departure from Appendix B rates. In refusing to award fees at a rate in excess of the approved Appendix B rates, the Court recently wrote:

> Nevertheless, based on the present record and a consideration of the relevant *Johnson* factors, the Court finds that the legal work conducted here was not particularly novel or complex, and it did not require skill beyond the typical case. Under these circumstances, the Court will not approve hourly rates above those contemplated by the Local Rules. Indeed, where these rates have been consistently published in the Local Rules, application of hourly rates within the guideline ranges is consistent with the sixth *Johnson* factor, the attorneys' expectations at the outset of the litigation.

*Paredes v. Zen Nails Studio, LLC*, 2023 U.S. Dist. LEXIS 211796 *7 (November 28, 2023).

Indeed, the Appendix B rates are consistent with market rates in the community, including the rates charged to Defendants by undersigned counsel. At the time he was engaged by Defendants to represent their interests in this case, undersigned counsel had been litigating cases in the metropolitan area for nearly twenty-five years. Consistent with his other litigation matters, undersigned counsel was compensated at the rate of $375.00 per hour for his efforts in this case, a rate squarely in the middle of the applicable Appendix B rates and consistent with attorneys of similar background and experience in the local market. Accordingly, based on the foregoing arguments and the arguments set forth in the Opposition, which are adopted and

incorporated herein by reference, Defendants respectfully request that any attorneys' fees awarded to Plaintiff be based on the rates set forth in the Local Rules.

Moreover, the Supplement fails to make fee reductions consistent with the results obtained in this case. Although Plaintiff proposes a modest reduction to the exorbitant fees claimed (i.e., predicated on hourly rates which were significantly inflated to begin with), the reduction fails to properly account for the lack of success at trial. As noted in the Opposition, not only did Plaintiff receive an award at trial of approximately 83% less than the amount sought (or 87% less when compared to Plaintiff's pre-trial demands), but Plaintiff was unsuccessful in his claims against Mrs. Stouffer, which contested claims consumed a significant portion of the legal time billed in the case.  While Defendants have argued that the fees sought by Plaintiff (and the claims in general) "shock the conscience," in the event the Court is inclined to award a portion of the fees and costs sought in the Supplement, Defendants submit that any such fees and costs should be based on Appendix B rates and subject to significant reductions based on Plaintiff's relative success, or lack thereof.

For the foregoing reasons, as well as those set forth in the Opposition, which are adopted and incorporated herein by reference, Defendants urge the Court to drastically limit or reduce the amount of fees and costs sought by Plaintiff. The bulk of the fees and costs requested were incurred pursuing dubious and disputed claims, many of which the Court determined to be "exaggerated and not credible," and Plaintiff should not receive a windfall because Defendants pushed back and defended against those very claims.

**WHEREFORE**, for the reasons set forth herein, Defendants Armour Home Improvement, Inc., Armour Construction, LLC and Robert Stouffer, oppose Plaintiff's First Supplemental Memorandum in Support of Motion for Attorneys' Fees and Costs, and

respectfully request that, to the extent this Honorable Court is inclined to award fees and costs to Plaintiff, that it do so in consideration of the arguments raised herein and in the Opposition.

Respectfully submitted,

/s/ Todd P. Forster
Todd P. Forster, Esq. (#13182)
**Futrovsky, Forster & Scherr, Chartered**
1101 Wootton Parkway, Suite 550
Rockville, Maryland 20852
(301) 251-8500
(301) 251-8860 facsimile
tforster@futrovsky.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2023, a copy of the foregoing Opposition was electronically filed via CM/ECF and served upon:

Omar Vincent Melehy, Esq.
Suvita Melehy, Esq.
Andrew Balashov, Esq.
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
*Counsel for Plaintiff*

/s/ Todd P. Forster
Todd P. Forster
